1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   JOHN-PATRICK M. FRITZ (State Bar No. 245240)
2  JEFFREY S. KWONG (State Bar No. 288239)
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, California 90067
4  Telephone:  (310) 229-1234
   Facsimile:  (310) 229-1244
5  Email: DBG@LNBYB.COM; JPF@LNBYB.COM; JSK@LNBYB.COM

6  Attorneys for Debtor and Debtor in Possession

7

8                   UNITED STATES BANKRUPTCY COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                      LOS ANGELES DIVISION

11  | In re | Case No. 2:16-bk-13575-TD |

12  LIBERTY     ASSET     MANAGEMENT
    CORPORATION, a California corporation,        Chapter 11

13                      Debtor.

14  
    AHA 2012 LLC, a California limited liability        Adv. Proc. No. 2:16-ap-01278-TD
15  company; FRANK LEE, Co-Trustee of THE
    LEE LIVING TRUST DATED 6/23/1987;
16  CHRISTOPHER D. LEE, an individual; YCJS        **DEBTOR'S RESPONSE TO ORDER TO**
    2012 LLC, a California limited liability        **SHOW CAUSE RE: REMAND (REMOVED**
17  company; RICHBEST HOLDING LLC, a        **PROCEEDING)    AND    NOTICE    OF**
    California limited liability company,        **STATUS CONFERENCE; DECLARATION**
18                                             **OF    BENJAMIN    KIRK    IN    SUPPORT**
                                               **THEREOF**
19                      Plaintiffs,

20  vs.

21  BENNY KO, aka BENN KO, aka TZU PING        Hearing:
    KO, aka BENNY KIRK, aka BENJAMIN J.        Date:      August 17, 2016
22  KIRK, aka BENNY T. KO, aka BENNY PING        Time:      11:00 a.m.
    KO, an individual; LUCY GAO, aka        Place:     Courtroom 1345
23  XIANGXIN GAO, aka XIANG XIN GAO, aka                  255 East Temple Street
    LUCY G. SHE, aka FEI L. GAO, an                      Los Angeles, CA 90012
24  individual; VANESSSA LAVENDERA, aka
    VANESSA VAN HOLLAND, an individual;
25  SHELBY HO, aka TSAI-LUAN HO, an
    individual; TA-LIN HSU, an individual;
26  LIBERTY CAPITAL MANAGEMENT, INC.,
    a California corporation; LIBERTY ASSET
27  MANAGEMENT CORPORATION, a
    California corporation; PACIFIC SUNSHINE
28  INVESTMENTS LLC, a California limited

1  liability company; OAK RIVER ASSET
   MANAGEMENT LLC, a California limited
2  liability company; BRADBURY FURLONG
   LLC, a California limited liability company;
3  TLH REO MANAGEMENT LLC, a California
   limited liability company; HANDING
4  HOLDING, business form unknown; and
   DOES 1 through 50 inclusive,
5
6                  Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.    STATEMENT OF FACTS ............................................................................... 1

    A.    Background. ....................................................................................... 1

    B.    The Pending Litigation Actions Where The Debtor Is A Party. ......................................... 2

    C.    The Removed Action. ....................................................................................... 3

II.   DISCUSSION ............................................................................................. 5

    A.    The Action Should Not Be Remanded Because All Parties Agree That The Action Is A Core Proceeding And Bankruptcy Court Adjudication Would Provide The Most Efficient Means Of Disposing Of The Issues Therein. .................................................................. 5

    B.    This Action Should Not Be Remanded To The State Court On Equitable Grounds. .......... 6

III.  CONCLUSION ........................................................................................... 10

DECLARATION OF BENJAMIN KIRK ................................................................ 11

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Federal Cases**

4

*Butner v. U.S.*,
    440 U.S. 48, 99 S.Ct. 914 .................................................................................7

5

*Dogpatch Properties, Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.)*,
    810 F.2d 782 (8th Cir. 1987) ..........................................................................8

6

7

*Eastport Associates v. City of Los Angeles (In re Eastport Associates)*,
    935 F.2d 1071-78 (9th Cir. 1991) (land use planning issues are sensitive state
    law issues that should be deferred to State Court) ...........................................7

8

9

*Federal Insurance Company v. Glen Ivy Management Company (In re Glen Ivy
    Resorts, Inc.)*,
    171 B.R. 98 (Bankr. C.D. Cal. 1994) ...............................................................5

10

11

*Nilsen v. Neilson (In re Cedar Funding, Inc.)*,
    419 B.R. 807 (9th Cir. BAP 2009) ...................................................................6

12

13

*Senorx, Inc. v. Coudert Brothers, LLP*,
    2007 WL 1520966 (N.D. Cal. May 24, 2007) .................................................7

14

**Other State Cases**

15

16

*In re Oak River Asset Management LLC*,
    Case No. 2:16-bk-19233-TD .............................................................................3

17

**Federal Statutes**

18

11 U.S.C.
    § 362 ..................................................................................................................9

19

20

28 U.S.C.
    § 157(b)(2) .........................................................................................................5

21

    § 157(b)(2)(A), (B), and (O) .....................................................................4, 5, 6

22

    § 157(b)(2)(A), and (O) .................................................................................5, 6
    § 157(b)(2)(B) ....................................................................................................5

23

    § 1334 ................................................................................................................7

24

    § 1452(b) ...........................................................................................................6

25

**Other State Statutes**

26

*Bus. & Prof. Code*
    *§ 17200, Et Seq.* ................................................................................................3

27

28

*Corporate Securities Law Of 1968 (Corporations Code*
    *§ 25000, Et Seq.)* ................................................................................................................3

**Other Authorities**

Fed. R. Bankr. P. 9015 .........................................................................................................9

Fed. R. Civ. P. 38(b) ............................................................................................................9

Liberty Asset Management Corporation (the "Debtor" or "Liberty"), a co-defendant in the above-referenced removed adversary action (the "Action), hereby submits its response (the "Response") to the Court's *Order To Show Cause Re: Remand (Removed Proceeding) And Notice Of Status Conference*" (the "OSC"), and respectfully represents as follows:

## I.    STATEMENT OF FACTS

A.    **Background.**

1.    On March 21, 2016 (the "Petition Date), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Central District of California (the "Court" or "Bankruptcy Court"), bearing case number 2:16-bk-13575-TD.  The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  An Official Committee of Unsecured Creditors ("Committee") has been appointed and has been very active in this case.

2.    Prior to cessation of operations, the Debtor was a real estate management company with Benjamin Kirk ("Kirk") as 100% member.  The Debtor's mission was to seek out real estate opportunities, invest in such opportunities, and manage them.

3.    Even prior to the creation of the Debtor, Kirk maintained a personal and professional relationship with Lucy Gao ("Gao"), including a child between them.  In the ordinary course of business, the Debtor would identify real estate projects to acquire, the Debtor would fund the acquisition of such properties, and special purpose entities would be formed to hold and operate the properties.  Gao was responsible for the creation of the entities and structured many of them with herself as the entity's sole member for tax and financing reasons.  Notwithstanding the foregoing, it was always understood that the properties, which were acquired with the Debtor's funds, were held for the benefit of the Debtor.

4.    Approximately two (2) years ago, the personal relationship of these individuals came to an end.  The Debtor, through Kirk, learned that Gao has been using her position as the sole member of certain of the special purpose entities, to sell the real estate holdings and divert funds to herself and to the exclusion of the Debtor and its creditors.  Since the Debtor has

1

substantial creditors of its own, and funds were not being remitted to the Debtor to pay its obligations to creditors, such creditors commenced litigation against Liberty and others.

5.      Based on the foregoing, the Debtor, after substantial consideration, determined that commencement of its bankruptcy case was necessary and proper to: (1) stay all litigation matters against the Debtor, which it cannot adequately defend against given its current cash flow problems; (2) use the powers of the Bankruptcy Court to preserve and seek a determination regarding the Debtor's interest in certain assets for the benefit of creditors; (3) have the Bankruptcy Court determine the nature, amount, and validity of claims asserted against the bankruptcy estate; and (4) effectuate an orderly liquidation of the Debtor's assets in bankruptcy to pay its creditors in full.

B.      **The Pending Litigation Actions Where The Debtor Is A Party.**

6.      The Debtor's ability to administer its estate and effectuate an efficient and orderly distribution to its creditors (after its assets are liquidated in an orderly fashion) will depend, in-part, upon its ability to resolve the various litigation matters in a cohesive, organized, and single forum in bankruptcy and, certainly, without needlessly expending valuable estate resources, including hiring and compensating state court counsel, to defend what otherwise would be general unsecured claims.

7.      The Debtor is currently a party to numerous pre-petition lawsuits that is/were pending in several state and federal courts throughout Northern and Southern California. Accordingly, in an effort to bring all such actions into the Bankruptcy Court for efficient adjudication, the Debtor has removed or is in the process of transferring the following actions to the Bankruptcy Court:

| Case Name | Case Number | Court | Status |
|---|---|---|---|
| Liberty Asset Management Corporation et al. v. Maxwell Real Estate Investment LLC et al. (the "Maxwell Action") | BC588682 | Superior Court of California | Notice of Removal Filed. |

2

| JD Brothers et al. v. Liberty Asset Management Corporation et al. (the "JD Brothers Action") | 3:15cv01373-VC | U.S. District Court, Northern District of California | Motion to Transfer Venue Will Be Filed. |
| ELSV, LLC et al. v. Liberty Asset Management Corporation et al. | 113CV254835 | Superior Court of California | Notice of Removal Filed. |
| AHA 2012 LLC et al. v. Liberty Asset Management Corporation et al. | EC064695 | Superior Court of California | Notice of Removal Filed. |

## C.     **The Removed Action.**

8.      This Action was commenced in the State Court by plaintiffs AHA 2012 LLC; Frank Lee, Co-Trustee of the Lee Living Trust Dated 6/23/1987; Christopher D. Lee; YCJS 2012 LLC; and Richbest Holding LLC (collectively, the "Plaintiffs") on January 19, 2016, when it filed that certain "*Complaint For: 1. Breach Of Contract; 2. Intentional Misrepresentation; 3 Negligent Misrepresentation; 4. Rescission; 5. Unfair Competition (Bus. & Prof. Code § 17200, Et Seq.); 6. Violation Of The Corporate Securities Law Of 1968 (Corporations Code § 25000, Et Seq.); 7. Conversion; 8. Conspiracy; 9. Alter Ego*" (the "Complaint").  Among other things, the Complaint alleged that the Debtor and certain non-debtor defendants  (which included, among others, Gao, Kirk, and some of the Debtor's special purpose entities) (collectively, the "Defendants") used false pretenses to entice the Plaintiffs into investing monies in certain real property located at 119 Furlong Lane, Bradbury, California (the "Property").  The Complaint further alleges that the Plaintiffs are entitled to damages because they have not been: (1) placed on title to the Property, (2) been made investors in the entities that hold title to the Property, and/or (3) received a refund on their investments.

9.      Prior to the Debtor's bankruptcy filing, in 2012, Oak River Asset Management ("Oak River") – who is a debtor and debtor-in-possession in a related chapter 11 case filed on July 12, 2016 captioned *In re Oak River Asset Management LLC*, Case No. 2:16-bk-19233-TD (the "Oak River Case") – acquired and obtained its 50% interest in the Property for the benefit of the Debtor.  The Debtor owns a forty-four percent (44%) equity interest in Oak River.

3

10.     Upon the filing of the Oak River Case, on July 27, 2016, Oak River filed that certain "*Complaint For Sale Of Interests Of Co-Owners In Property Of The Estate*" (the "363(h) Complaint") in the Bankruptcy Court, initiating an adversary proceeding seeking Court authority to sell the Property under section 363(h) of the Bankruptcy Code (the "363(h) Action").  A true and correct copy of the 363(h) Complaint is attached as **Exhibit "1"** hereto.

11.     On June 17, 2016, the Debtor filed its "*Notice Of Removal Of Civil Action Under 28 U.S.C. § 1452(a)*" [Doc. No. 1] (the "Notice of Removal"), thereby removing this Action to the Bankruptcy Court.

12.     On July 5, 2016, the Plaintiffs filed that certain "*Plaintiff's Response To Defendant's Notice Of Removal Of Civil Action Under 28 U.S.C. § 1452(a)*" (the "Plaintiffs' Removal Response").  Among other things, the Plaintiffs' Removal Response admitted that the Action "is a 'core proceeding' under 28 U.S.C. § 157(b)(2)(A), (B), and (O) and agrees that having the litigation before [the Bankruptcy Court] will provide the most efficient means of establishing the Plaintiffs' claims against the Debtor and resolving the parties' dispute."  A true and correct copy of the Plaintiffs' Removal Response is attached as **Exhibit "2"** hereto.

13.     On July 6, 2016, this court entered the OSC as to why the Action should not be remanded to the Superior Court of California (the "State Court").

14.     In light of the other removed litigation actions involving the Debtor as a party, coupled with the multitude of issues and claims related to the Property that are at issue, the Court should allow the Action to proceed in the Bankruptcy Court forum.  In addition, based on the fact that Oak River commenced its own Chapter 11 bankruptcy case, and the fact that the allegations relate primarily to the Oak River transactions, it appears prudent to now transfer this adversary proceeding to Oak River's bankruptcy case.

/ / /

/ / /

/ / /

## II.     DISCUSSION

A.     **The Action Should Not Be Remanded Because All Parties Agree That The Action Is A Core Proceeding And Bankruptcy Court Adjudication Would Provide The Most Efficient Means Of Disposing Of The Issues Therein.**

This Action is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O) because the issues raised by the Action, and the resolution thereof, will have a direct effect on determinations regarding the assets of, and claims against, the Debtor's bankruptcy estate. *See* 28 U.S.C. § 157(b)(2) ("Core proceedings include . . . (A) matters concerning the administration of the estate; . . . (B) allowance or disallowance of claims against the estate; . . . (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship[.]").

The Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) because the Plaintiffs, in the Complaint, assert a pre-petition claim against the Debtor.  Therefore, the allowance or disallowance of the Plaintiffs' claims against the Debtor (if any) is no different than the other proceedings to be conducted in the Debtor's bankruptcy case – and indeed any bankruptcy case – with respect to objections to claims.  The Plaintiffs can simply file a proof of claim for what it believes it is owed and such claim will be dealt with in the ordinary claims objection process of a bankruptcy case.

Moreover, the Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (O) because it is inextricably intertwined with the claims allowance process in the Debtor's bankruptcy case, and will have a significant impact upon the administration of this case, including, upon other things, whether the Debtor can propose and confirm a Chapter 11 plan of liquidation.  Here, in the Action, the Debtor is a co-defendant in the Action to which the Plaintiffs are seeking a judgment against.  Such claims directly relate to the determination of claims against the Debtor's estate. *See e.g., Federal Insurance Company v. Glen Ivy Management Company (In re Glen Ivy Resorts, Inc.)*, 171 B.R. 98, 103 (Bankr. C.D. Cal. 1994) (a proceeding which is brought to fix a non-debtor party's legal obligations to the debtor or the debtor's assets is "precisely the kind of dispute which must be decided[.]").  Further, the claims pertain to the

1    Debtor's and its affiliated entity's (*i.e.*, Oak River's) interests in the Property, which constitute

2    property of their estates.  The adjudication of the claims in this Action is undoubtedly core

3    matters that concern the "administration of the estate" and "adjustment of the debtor-creditor"

4    relationship between the Debtor/Oak River and Plaintiffs.  *See* 11 U.S.C. § 157(b)(2)(A) & (O).

5        Further, as confirmed by the Plaintiffs' Removal Response, ***both parties agree that the***

6    ***Action "is a 'core proceeding' under 28 U.S.C. § 157(b)(2)(A), (B), and (O) and agrees that***

7    ***having the litigation before [the Bankruptcy Court] will provide the most efficient means of***

8    ***establishing the Plaintiffs' claims against the Debtor and resolving the parties' dispute***."  (Ex.

9    2, 2).

10    B.    **This Action Should Not Be Remanded To The State Court On Equitable Grounds.**

11        Under 28 U.S.C. § 1452(b), this Court has the discretion to remand this Action on "any

12    equitable ground."  28 U.S.C. § 1452(b).  Courts may consider a variety of factors (listed below)

13    in determining whether to remand litigation.  *See Nilsen v. Neilson (In re Cedar Funding, Inc.)*,

14    419 B.R. 807 (9th Cir. BAP 2009).  Here, the factors warrant the withdrawal of the OSC.

15        1.    **The Effect on the Efficient Administration of the Estate.**  This Action, along

16    with all of the other litigation pending against the Debtor, will substantially impact the Debtor's

17    bankruptcy case.  On a more generalized level, the Debtor is currently a party to no less than four

18    (4) different pre-petition lawsuits that was pending in several state and federal courts throughout

19    California.  In that regard, the Debtor has removed or is in the process of transferring all such

20    lawsuits to this Court for adjudication for the benefit of the Estate, so that: (1) determinations can

21    be promptly made by the Bankruptcy Court as to the nature and extent of the Debtor's claims

22    against certain third-parties as well as other claims that are asserted against the Debtor; and (2)

23    distributions can be promptly made to creditors upon a sale of its assets.

24        Specifically, with regards to the Action, the Plaintiffs assert pre-petition claims against the

25    Debtor related to its beneficial interests in the Property.  A determination of the issues presented

26    in the Action would have a significant impact upon the administration of this case, including,

27    upon other things, whether the Debtor can propose and confirm a Chapter 11 plan of liquidation.

28    All parties agree that adjudication of the claims and issues presented by this Action in one forum

1   – the Bankruptcy Court – would be the most efficient way of determining the nature and extent of

2   the Estate's assets and liabilities.

3       **2.      Extent to which State Law Issues Predominate over Bankruptcy Issues.**  The

4   state law issues raised in the Complaint are inextricably intertwined with the Debtor's financial

5   affairs and administration of the Estate, and are so often decided by bankruptcy courts in the

6   context of core matters, that this Court should withdraw the OSC, and allow the Action to

7   continue in the Bankruptcy Court.  *See Senorx, Inc. v. Coudert Brothers, LLP*, 2007 WL

8   1520966, at *3 (N.D. Cal. May 24, 2007) ("Despite the presence of state law claims and the need

9   to interpret a state statute, bankruptcy courts are capable of resolving issues of state law").  In

10  fact, virtually all claims asserted against a debtor's estate are based in state law.  *See e.g.*, *Butner*

11  *v. U.S.*, 440 U.S. 48, 99 S.Ct. 914 (property interests are created and defined by state law in

12  bankruptcy proceedings).  The Action does not involve sensitive state law or public policy issues

13  that should be deferred to State Court.  *See e.g., Eastport Associates v. City of Los Angeles (In re*

14  *Eastport Associates)*, 935 F.2d 1071-78 (9th Cir. 1991) (land use planning issues are sensitive

15  state law issues that should be deferred to State Court).  The fact that the Action involves state

16  law issues is not dispositive, particularly since the Action does not involve sensitive state law or

17  public policy issues.

18      **3.      Difficult or Unsettled Nature of Applicable Law.**  The claims at issue are not

19  difficult or unsettled, and are routinely handled by bankruptcy courts.

20      **4.      Presence of Related Proceeding Commenced In State Court.**  Though the

21  Action was originally commenced in the State Court, this Court now has jurisdiction to hear the

22  Action, under the constructs of Debtor's Chapter 11 bankruptcy case, and the need to determine

23  claims against the Debtor's bankruptcy estate.  Moreover, it is undisputed that the Action is

24  stayed as to Debtor.

25      **5.      Jurisdictional Basis Other than § 1334.**    It is undisputed that this Court has

26  jurisdiction over the Action pursuant to 28 U.S.C. § 1334.

27      **6.      Degree of Relatedness to Main Bankruptcy Case.**  A  bankruptcy  court  has

28  "related to" jurisdiction over a civil proceeding where such proceeding "could conceivably have

7

1    any effect on the estate being administered in bankruptcy[.]  An action is related to bankruptcy if

2    the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which

3    in any way impacts upon the administration of the bankruptcy estate." *Dogpatch Properties, Inc.*

4    *v. Dogpatch U.S.A., Inc. (In re Dogpatch U.S.A., Inc.),* 810 F.2d 782, 786 (8th Cir. 1987), quoting

5    *Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).  Clearly, this Action, and all of the pre-

6    petition litigation, directly impacts the nature and extent of the claims in this bankruptcy case.

7    Further, with the filing of the: (1) Oak River Case; and (2) 363(h) Complaint, the Debtor's

8    bankruptcy case, the Oak River Case, and the 363(h) Action are all interconnected – in that each

9    of them involves the Property at issue – such that all such actions should be adjudicated by the

10    Bankruptcy Court in one forum.

11    **7.**    **The Substance Rather than the Form of the Litigation.**  The  outcome  of  this

12    Action will substantially impact the Debtor's bankruptcy case.  In addition to this Action, there

13    are several other cases that are pending which will need to be addressed in an efficient and

14    effective manner, in order for the Debtor to effectively reorganize.

15    **8.**    **The Feasibility of Severing State Law Claims from Core Bankruptcy Matters**

16    **to Allow Judgments to be Entered in State Court with Enforcement Left to the Bankruptcy**

17    **Court.**  Even if the Action was remanded, the Action would not be timely resolved by the State

18    Court, because the Action is stayed as to the Debtor.

19    **9.**    **The Burden on the Bankruptcy Court's Docket.**  The  Debtor  understands  the

20    impact that the Action will have on the State Court's and this Court's docket.    Although any

21    court's docket will be burdened by this additional litigation, which is a factor in every bankruptcy

22    case, the efficiencies to be gained in the resolution of the litigation in a single forum are

23    considerable, particularly given that the claims at issue involve and relate to the Estate's interest

24    in the Property.  Further, with the filing of the: (1) Oak River Case; and (2) 363(h) Complaint, the

25    Debtor's bankruptcy case, the Oak River Case, and the 363(h) Action are all interconnected – in

26    that each of them involves the Property at issue – such that all such actions should be adjudicated

27    by the Bankruptcy Court in one forum.  The Bankruptcy Court is better situated to consider the

28    ramifications of the Plaintiffs' claims on the Debtor's Estate.

**10.    The Likelihood that the Commencement of the Proceeding in Bankruptcy Court Involves Forum Shopping.**   The decision to file for bankruptcy protection was not one that was made haphazardly, or even as a result of a single event or lawsuit.   The Debtor considered all viable alternatives to filing for bankruptcy protection, but the only alternative that offered a reprieve from litigation, and the ability to conduct a claim resolution process in a single, consolidated forum which would take into consideration the overall financial landscape, the interests of all creditors and interest holders (and not just those of a single claimant), was the Bankruptcy Court.  The Debtor was left with no choice but to file for bankruptcy protection and seek a single, comprehensive forum that would place the interests of the Debtor's overall constituents ahead of the interests of a single faction.

**11.    The Existence of a Right to a Jury Trial.**  While there may be a right to a jury trial under California law, the Plaintiffs can obtain a jury trial in the Bankruptcy Court (to the extent necessary) pursuant to Fed. R. Bankr. P. 9015 and Fed. R. Civ. P. 38(b).

**12.    The Presence in the Proceeding of Nondebtor Parties.**  Although the Debtor is one of several parties in the Action, it is the beneficial owner of a 44% interest in Oak River.  To the extent that the Action is allowed to continue in State Court while being stayed as to the Debtor and Oak River, it would be improper for the Plaintiffs to attempt to parlay any adverse decision against the non-debtor defendants into some form of collateral estoppel against the Debtor and Oak River, thereby depriving the Debtor and Oak River of the benefits of the automatic stay of 11 U.S.C. § 362 with respect to such litigation claims.

**13.    Comity.**  California bankruptcy courts determine California state law matters as a matter of course.  Further, the effect that the Action will have on the Debtor's reorganization efforts can only be gauged by the Bankruptcy Court.  Comity dictates that the Bankruptcy Court resolve the Action where the Debtor's bankruptcy case is pending.

**14.    The Possibility of Prejudice to Other Parties in the Action.**  The Plaintiff has not alleged how it would be prejudiced if the Action is not remanded.  On the other hand, allowing this Action to continue in the Bankruptcy Court would allow for the possibility that this Court would adjudicate any and all action related to claims asserted by and against the Debtor in

1    one forum to allow for the prompt determination over the nature and extent of the Debtor's assets

2    and liabilities for the benefit of its creditors.  In fact, as confirmed by the Plaintiffs' Removal

3    Response, litigating this Action before the Bankruptcy Court "will provide the most efficient

4    means of establishing the Plaintiffs' claims against the Debtor and resolving the parties' dispute."

5    (Mot. Ex. 2, 2).

6         As established above, the consideration of the equitable factors utilized by courts to

7    determine whether remand is appropriate weigh in favor of allowing the Action to proceed in the

8    Bankruptcy Court.  Therefore, this matter should not be remanded.

9                              III.    **CONCLUSION**

10        For the foregoing reasons set forth above, the Debtor respectfully requests that this Court

11   allow the Action to continue in the Bankruptcy Court forum by withdrawing its OSC.

12

     DATED:  August 3, 2016                    LIBERTY ASSET MANAGEMENT CORPORATION
13

14                                             */s/ Jeffrey S. Kwong*
                                               _____
15                                             DAVID B. GOLUBCHIK
                                               JOHN-PATRICK M. FRITZ
16                                             JEFFREY S. KWONG
                                               LEVENE, NEALE, BENDER, YOO & BRILL
17                                             L.L.P.
                                               Attorneys for Chapter 11 Debtor and Defendant,
18                                             Liberty Asset Management Corporation

19

20

21

22

23

24

25

26

27

28

                                               10

## DECLARATION OF BENJAMIN KIRK

I, Benjamin Kirk, declare under penalty of perjury under the laws of the United States of America that the following statements are true and based upon personal knowledge.

1.      I am over 18 years of age.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the CEO and 100% equity holder of Liberty Asset Management Corporation, the debtor and debtor in possession herein (the "Debtor").  I submit this Declaration in support of the "*Debtor's Response To Order To Show Cause Re: Remand (Removed Proceeding) And Notice Of Status Conference*" (the "Response").  All capitalized but undefined terms herein shall have the same meanings ascribed to them in the Response.

3.      On March 21, 2016 (the "Petition Date), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Central District of California (the "Court" or "Bankruptcy Court"), bearing case number 2:16-bk-13575-TD.  The Debtor is managing its financial affairs and operating its bankruptcy estate as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  An Official Committee of Unsecured Creditors ("Committee") has been appointed and has been very active in this case.

4.      Prior to cessation of operations, the Debtor was a real estate management company.  The Debtor's mission was to seek out real estate opportunities, invest in such opportunities, and manage them.

5.      Even prior to the creation of the Debtor, I maintained a personal and professional relationship with Lucy Gao ("Gao"), including a child between us.  In the ordinary course of business, the Debtor would identify real estate projects to acquire, the Debtor would fund the acquisition of such properties, and special purpose entities would be formed to hold and operate the properties.  Gao was responsible for the creation of the entities and structured many of them with herself as the entity's sole member for tax and financing reasons.  Notwithstanding the foregoing, it was always understood that the properties, which were acquired with the Debtor's funds, were held for the benefit of the Debtor.

11

6.      Approximately two (2) years ago, the personal relationship between Gao and I came to an end.  I learned that Gao has been using her position as the sole member of certain of the special purpose entities, to sell the real estate holdings and divert funds to herself and to the exclusion of the Debtor and its creditors.  Since the Debtor has substantial creditors of its own, and funds were not being remitted to the Debtor to pay its obligations to creditors, such creditors commenced litigation against Liberty and others.

7.      Based on the foregoing, after substantial consideration, I determined that commencement of its bankruptcy case was necessary and proper to: (1) stay all litigation matters against the Debtor, which it cannot adequately defend against given its current cash flow problems; (2) use the powers of the Bankruptcy Court to preserve and seek a determination regarding the Debtor's interest in certain assets for the benefit of creditors; (3) have the Bankruptcy Court determine the nature, amount, and validity of claims asserted against the bankruptcy estate; and (4) effectuate an orderly liquidation of the Debtor's assets in bankruptcy to pay its creditors in full.

8.      The Debtor's ability to administer its estate and effectuate an efficient and orderly distribution to its creditors (after its assets are liquidated in an orderly fashion) will depend, in-part, upon its ability to resolve the various litigation matters in a cohesive, organized, and single forum in bankruptcy and, certainly, without needlessly expending valuable estate resources, including hiring and compensating state court counsel, to defend what otherwise would be general unsecured claims.

9.      The Debtor is currently a party to numerous lawsuits that is/were pending in several state and federal courts throughout Northern and Southern California.    Accordingly, in an effort to bring all such actions into the Bankruptcy Court for efficient adjudication, the Debtor has removed or is in the process of transferring the following actions to the Bankruptcy Court:

/ / /

/ / /

/ / /

12

| Case Name | Case Number | Court | Status |
|---|---|---|---|
| Liberty Asset Management Corporation et al. v. Maxwell Real Estate Investment LLC et al. (the "Maxwell Action") | BC588682 | Superior Court of California | Notice of Removal Filed. |
| JD Brothers et al. v. Liberty Asset Management Corporation et al. (the "JD Brothers Action") | 3:15cv01373-VC | U.S. District Court, Northern District of California | Motion to Transfer Venue Will Be Filed. |
| ELSV, LLC et al. v. Liberty Asset Management Corporation et al. | 113CV254835 | Superior Court of California | Notice of Removal Filed. |
| AHA 2012 LLC et al. v. Liberty Asset Management Corporation et al. | EC064695 | Superior Court of California | Notice of Removal Filed. |

10.    This Action was commenced in the State Court by plaintiffs AHA 2012 LLC; Frank Lee, Co-Trustee of the Lee Living Trust Dated 6/23/1987; Christopher D. Lee; YCJS 2012 LLC; and Richbest Holding LLC (collectively, the "Plaintiffs") on January 19, 2016, when it filed that certain "*Complaint For: 1. Breach Of Contract; 2. Intentional Misrepresentation; 3 Negligent Misrepresentation; 4. Rescission; 5. Unfair Competition (Bus. & Prof. Code , § 17200, Et Seq.); 6. Violation Of The Corporate Securities Law Of 1968 (Corporations Code § 25000, Et Seq.); 7. Conversion; 8. Conspiracy; 9. Alter Ego*" (the "Complaint").

11.    Prior to the Debtor's bankruptcy filing, in 2012, Oak River Asset Management ('Oak River") – who is a debtor and debtor-in-possession in a related chapter 11 case filed on July 12, 2016 captioned *In re Oak River Asset Management LLC*, Case No. 2:16-bk-19233-TD (the "Oak River Case") – acquired and obtained its 50% interest in the Property for the benefit of the Debtor.  The Debtor owns a forty-four percent (44%) equity interest in Oak River.

12.    Upon filing of the Oak River Case, on July 27, 2016, Oak River filed that certain "*Complaint For Sale Of Interests Of Co-Owners In Property Of The Estate*" (the "363(h) Complaint") in the Bankruptcy Court, seeking Court authority to sell the Property under section 363(h) of the Bankruptcy Code.  A true and correct copy of the 363(h) Complaint is attached as **Exhibit "1"** hereto.

13

13.     On June 17, 2016, the Debtor filed its "*Notice Of Removal Of Civil Action Under 28 U.S.C. § 1452(a)*" [Doc. No. 1] (the "<u>Notice of Removal</u>"), thereby removing this Action to the Bankruptcy Court.

14.     On July 5, 2016, before the commencement of the bankruptcy case by Oak River, the Plaintiffs filed that certain "*Plaintiff's Response To Defendant's Notice Of Removal Of Civil Action Under 28 U.S.C. § 1452(a)*" (the "<u>Plaintiffs' Removal Response</u>").  Among other things, the Plaintiffs' Removal Response admitted that the Action "is a 'core proceeding' under 28 U.S.C. § 157(b)(2)(A), (B), and (O) and agrees that having the litigation before [the Bankruptcy Court] will provide the most efficient means of establishing the Plaintiffs' claims against the Debtor and resolving the parties' dispute."  A true and correct copy of the Plaintiffs' Removal Response is attached as **<u>Exhibit "2"</u>** hereto.

15.     On July 6, 2016, this court entered the OSC as to why the Action should not be remanded to the Superior Court of California (the "<u>State Court</u>").

I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 31st day of July 2016 at West Covina, California.

BENJAMIN KIRK

# EXHIBIT "1"

DAVID B. GOLUBCHIK (State Bar No. 185520)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
JEFFREY S. KWONG (State Bar No. 288239)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: DBG@LNBYB.COM; JPF@LNBYB.COM; JSK@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and Plaintiff

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:16-bk-19233-TD |
| OAK RIVER ASSET MANAGEMENT LLC, | Chapter 11 |
| Debtor. | |
| OAK RIVER ASSET MANAGEMENT LLC, | Adv. Proc. No. _____ |
| Plaintiff, | **COMPLAINT FOR SALE OF INTERESTS OF CO-OWNERS IN PROPERTY OF THE ESTATE** |
| v. | |
| TLH REO MANAGEMENT LLC, a California limited liability company; and HAN DING HOLDING, LTD., an unknown business entity, | [11 U.S.C. §§ 363(h)] |
| Defendants. | |

Plaintiff Oak River Asset Management LLC (the "<u>Plaintiff</u>" or "<u>Oak River</u>"), complains as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. § 363 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 266, dated October 9, 1984.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).

3.      Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES

4.      Oak River is, and at all times relevant to the allegations in this Complaint was, a limited liability complaint organized and existing under the laws of the State of California, qualified and authorized to do business under the laws of the State of California.

5.      Oak River is informed and believes, and on that basis alleges, that Defendant TLH REO Management LLC ("<u>TLH</u>") is, and at all times relevant to the allegations in this Complaint was, a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 97 Isabella Avenue, Atherton California 94027.

6.      Oak River does not know the true legal nature of Defendant Han Ding Holding, LTD ("<u>Han Ding</u>," and together with TLH, the "<u>Defendants</u>") but is informed and believes and hereon alleges that Han Ding does business in San Mateo County, California, and is an affiliate of TLH.

## GENERAL ALLEGATIONS

7.      On July 12, 2016, Oak River filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") commencing this bankruptcy case.

8.      Oak River's primary asset is an interest in a single family residence located at 119 Furlong Lane, Bradbury CA 91008 (the "<u>Property</u>").  The Property consists of a luxurious single

1    family residence with seven (7) bedrooms, ten (10) bathrooms, pool, basketball court, and tennis

2    court – totaling more than 12,000 square feet.

3          9.       Prior to Oak River's bankruptcy filing, in 2012, Oak River acquired and obtained its

4    50% interest in the Property for the benefit of its affiliated entity, Liberty Asset Management

5    Corporation ("Liberty"), who is a debtor and debtor-in-possession in a related chapter 11 case filed

6    on March 21, 2016 captioned *In re Liberty Asset Management Corporation*, Case No. 2:16-bk-

7    13575-TD (the "Liberty Case").

8          10.      On information and belief, as of the date hereof, TLH holds a thirty-six percent (36%)

9    undivided interest in the Property.

10          11.      On information and belief, as of the date hereof, Han Ding holds a fourteen percent

11    (14%) undivided interest in the Property.  A true and correct of the copy of the *"Grant Deed"*

12    recorded with the Los Angeles County Recorder's Office on May 24, 2013 (the "Grant Deed")

13    evidencing Oak River's, TLH's, and Han Ding's undivided interests in the Property is attached as

14    **Exhibit "1"** hereto.

15          12.       Oak River and the Defendants are co-owners of undivided interests in the Property as

16    tenants in common.

17          13.      Oak River's undivided interest in the Property constitutes property of its bankruptcy

18    estate pursuant to Bankruptcy Code section 541(a)(1).

19          14.      Because Oak River's interest in the Property constitutes an undivided interest in

20    property with the Defendants, it is not generally marketable.

21          15.      Because the Property is a single family residence that cannot be readily partitioned or

22    divided, Oak River's interest in the Property is not generally marketable.

23                        **FIRST CLAIM FOR RELIEF**

24          **[Sale of Interests of Co-Owners In Property of the Estate – 11 U.S.C. §363(h)]**

25          16.      Oak River realleges and incorporates herein by reference all of the allegations set

26    forth in Paragraphs 1-15 inclusive, as though fully set forth hererin.

27          17.      Oak River desires to sell the estate's interest in the Property, together with the

28    remaining interests in the Property held by the Defendants.

3

18.     Oak River is informed and believes that partition in kind of the Property among Oak River and the Defendants is impractical because it is highly unlikely that anyone would want to share with stranger entities the right to own, manage, and control the Property, a single family residence.

19.     For the same reasons, Oak River is informed and believes that the sale of the estate's undivided 50% interest in the Property, in the unlikely event that it could be sold at all, would realize significantly less for the estate than the sale of the Property free of the Defendants' interests because, among other things, a 50% interest is not a controlling interest in the Property.

20.     Oak River is informed and believes that the benefit to the estate of a sale of the Property free of the Defendants' interests outweigh the detriment, if any, to the Defendants as a result of such sale.

21.     Oak River is informed and believes that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Oak River respectfully requests that the Court enter an order:

(1)     Authorizing the sale of the Property, without consent of the Defendants, free and clear of any interests of the Defendants in the Property pursuant to Bankruptcy Code section 363(h); provided that such sale shall occur only after: (i) the filing of a motion in Oak River's bankruptcy case seeking authority to consummate such sale; and (ii) the entry of an order by the Court approving same; and

(2)     Granting such other and further relief as the Court deems just and proper.

DATED: July 27, 2016              LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:      */s/ Jeffrey S. Kwong*
DAVID B. GOLUBCHIK
JOHN-PATRICK M. FRITZ
JEFFREY S. KWONG
Proposed Attorneys for Plaintiff and Chapter 11 Debtor,
Oak River Asset Management

4

EXHIBIT "1"




## This page is part of your document - DO NOT DISCARD



# 20130785319

Pages:
0005

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/24/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 48.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |

## PCOR SURCHARGE $20.00



**L E A D S H E E T**



201305240180067

**00007768735**



004891367

**SEQ:**
**15**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

t60

E145767

RECORDING REQUESTED BY:
First American Title Company
655 N. Central Ave, Suite 800
Glendale, CA 91203

05/24/2013

**AND WHEN RECORDED MAIL TO:**
Ta-Lin Hsu
400 Hamilton Avenue, Suite 250
Palo Alto, CA 94301

*20130785319*

Escrow No.: 539-LM
APN: 8527-004-029

Above space is for recorder's use

# GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) DOCUMENTARY TRANSFER TAX IS $ **NOT OF PUBLIC RECORD**
    and City $
[ X ] Computed on full value of property conveyed, or
[    ] computed on full value less value of liens or encumbrances remaining at time of sale,
[    ] unincorporated area;    [ X ] City of San Francisco and

TRANSFER TAX
NOT A PUBLIC RECORD

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Pacific Sunshine Investments LLC, a California Limited Liability Company**

Hereby GRANT(S) to: **TLH REO Management LLC (36%) and Handing Holding (14%) and Oak River Asset Management LLC (50%)**

The following described real property in the City of **Bradbury,** County of **Los Angeles,** and State of California:
 **Legal Description per Attached Exhibit "A" hereto and made a part hereof.**
**(Property commonly known as: 119 Furlong Lane, Bradbury, CA 91008)**

**Pacific Sunshine Investments LLC, a California Limited Liability Company**

By: Authorized Signer

THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN
TITLE CO. OF L.A. AS AN ACCOMMODATION ONLY. IT HAS NOT
BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS
EFFECT UPON TITLE

**Document Date: September 30, 2012**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

On May 13, 2013 before me, Helena Chang _____ Notary Public, personally appeared
_____ Lucy Gao _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and proved to me acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the law of the state of California that foregoing paragraph in true and correct.**

**WITNESS my hand and official seal.**



HELENA CHANG
Commission # 1916767
Notary Public - California
Los Angeles County
My Comm. Expires Dec 12, 2014

Signature _____

Seal of Notary

EXHIBIT A

**LEGAL DESCRIPTION**

Real property in the City of Bradbury, County of Los Angeles, State of California, described as follows:

PARCEL 1 AS SHOWN ON CERTIFICATE OF COMPLIANCE AND LOT LINE ADJUSTMENT NO. 06-11, AS EVIDENCED BY DOCUMENT RECORDED NOVEMBER 15, 2007 AS INSTRUMENT NO. 2007-2553215 OF OFFICIAL RECORDS, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

PARCEL 1:

PARCEL 2 OF PARCEL MAP NO. 16039, IN THE CITY OF BRADBURY, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 192 PAGES 9 AND 10 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT FOR ROAD AND PUBLIC UTILITY PURPOSES OVER THAT PORTION OF SECTION 19, TOWNSHIP 1 NORTH, RANGE 10 WEST OF THE SUBDIVISION OF THE RANCHO AZUSA DE DUARTE, AS PER MAP RECORDED IN BOOK 6 PAGES 80 TO 82 INCLUSIVE OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN A STRIP OF LAND 30 FEET WIDE, LYING 15 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:

BEGINNING AT A POINT IN THE NORTH LINE OF LOT 3, SECTION 30, TOWNSHIP 1 NORTH, RANGE 10 WEST OF SAID RANCHO, DISTANT NORTH 89° 27' 15" EAST ALONG SAID LINE 154.07 FEET FROM THE INTERSECTION OF SAID NORTH LINE WITH A LINE RUNNING NORTH AND SOUTH THROUGH THE CENTER OF SAID LOT 3; THENCE NORTH 46° 57' 59" WEST 71.74 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHWESTERLY AND HAVING A RADIUS OF 310.00 FEET; THENCE WESTERLY ALONG SAID CURVE 99.01 FEET; THENCE TANGENT TO SAID CURVE NORTH 65° 15' 54" WEST 102.61 FEET; THENCE NORTH 19° 04' 41" EAST 135.47 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHEAST HAVING A RADIUS OF 215.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE 79.43 FEET, THENCE NORTH 40° 14' 46" EAST TANGENT TO SAID CURVE 29.20 FEET TO THE BEGINNING OF A TANGENT CURVE IN THE NORTHWEST HAVING A RADIUS OF 220.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE 79.56 FEET; THENCE NORTH 19° 31' 34" EAST TANGENT TO SAID CURVE 32.07 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF 220.00 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE 79.07 FEET; THENCE NORTH 40° 07' 07" EAST TANGENT TO SAID CURVE 42.03 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 495.00 FEET; THENCE NORTHEASTERLY ALONG SAND CURVE 80.11 FEET, SAND 30 FOOT STRIP TO TERMINATE SOUTHERLY IN LINE BEARING NORTH 65° 15' 54" WEST THAT PASSES THROUGH THE SOUTHERLY TERMINUS OF THE HEREINBEFORE DESCRIBED COURSE HAVING A BEARING OF NORTH 19° 04' 41" EAST AND A LENGTH OF 135.47 FEET.

PARCEL 3:

AN EASEMENT FOR ROADWAY AND PUBLIC UTILITY PURPOSES TO BE USED IN COMMON WITH OTHERS OVER THAT PORTION OF SECTION 19, IN TOWNSHIP 1 NORTH, RANGE 10 WEST, IN THE RANCHO AZUSA DE DUARTE, AS PER MAP RECORDED IN BOOK 6 PAGES 80, 81 AND 82 OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING WITHIN A STRIP OF LAND 50 FEET WIDE, BEING 20 FEET ON THE NORTHERLY SIDE AND 30 FEET ON THE SOUTHERLY SIDE OF THE LINE SHOWN AS CENTER LINE OF 100 FOOT

EASEMENT FOR ROAD PURPOSES? ON THE RECORD OF SURVEY FILED IN BOOK 52 PAGE 22 OF RECORD OF SURVEYS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 4:

AN EASEMENT FOR ROAD AND UNDERGROUND UTILITY PURPOSES TO BE USED IN COMMON WITH OTHERS, OVER THOSE PORTIONS OF LOTS 4 AND 5 IN SECTION 24, AND OF LOT 2, IN SECTION 25, IN TOWNSHIP 1 NORTH, RANGE 11 WEST, SAN BERNARDINO MERIDIAN, OF THE SUBDIVISION OF THE RANCHO AZUSA DE DUARTE, PARTLY IN THE CITY OF MONROVIA AND PARTLY IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 6 PAGES 80 TO 82 INCLUSIVE OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN A STRIP OF LAND 30 FEET WIDE, EXTENDING IN A GENERAL NORTHEASTERLY DIRECTION FROM THE NORTHEASTERLY LINE OF WILD ROSE AVENUE, AS SHOWN ON THE MAP OF TRACT 12557, RECORDED IN BOOK 309 PAGES 48 AND 49 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, IN THE EASTERLY LINE OF SAID LOT 5, AND LYING 15 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED LINE: BEGINNING AT A POINT IN SAID NORTHEASTERLY LINE OF WILD ROSE AVENUE, DISTANT SOUTHEASTERLY ALONG THAT CERTAIN CURVE CONCAVE TO THE NORTHEAST AND HAVING A RADIUS OF 267.90 FEET IN SAID NORTHEASTERLY LINE, 73.02 FEET FROM THE NORTHWESTERLY T OF SAID CURVE, A RADIAL LINE IN SAID CURVE THROUGH SAID POINT SO LOCATED HAVING A BEARING OF SOUTH 53° 15' 21" WEST; THENCE NORTH 37° 54' 50" EAST 68.61 FEET TO THE BEGINNING OF A TANGENT CARVE CONCAVE TO THE SOUTHEAST AND HAVING A RADIUS OF 200 FEET; THENCE ALONG SAID CURVE NORTHEASTERLY 61.89 FEET; THENCE TANGENT TO SAID CURVE NORTH 55° 38' 40" EAST 62.81 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST AND HAVING A RADIUS OF 240 FEET; THENCE ALONG SAID CURVE NORTHEASTERLY 117.29 FEET; THENCE TANGENT TO SAID CURVE NORTH 27° 38' 40" EAST 21.82 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE WEST AND HAVING A RADIUS OF 140 FEET; THENCE ALONG SAID CURVE NORTHERLY 96.71 FEET; THENCE TANGENT TO SAID CURVE NORTH 11° 56' 10" WEST 83.92 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE EAST AND HAVING, A RADIUS OF 280 FEET; THENCE ALONG SAD CURVE NORTHERLY 105.86 FEET; THENCE TANGENT TO SAID CURVE NORTH 11° 23' 50" EAST 28.82 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE SOUTHEAST AND WAVING A RADIUS OF 80 FEET; SAID LAST MENTIONED CURVE ALSO BEING TANGENT TO A LINE EXTENDING NORTH 89° 08' 50" EAST FROM THE INTERSECTION OF THE CENTER LINE OF FOOTHILL BOULEVARD, FORMERLY WHITE OAK AVENUE, WITH THE CENTER LINE OF MOUNTAIN AVENUE, FORMERLY CANON DRIVE, AS SAID INTERSECTION IS SHOWN ON THE MAP OF THE OAK PARK TRACT, RECORDED IN BOOK 11 PAGE 106 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE NORTHEASTERLY ALONG SAID LAST MENTIONED CURVE, 106.56 FEET TO SAID LINE SO EXTENDING; THENCE ALONG SAID LINE, NORTH 89° 08' 50" EAST 945 FEET, MORE OR LESS, TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 330 FEET; SAID LAST MENTIONED CURVE ALSO BEING TANGENT TO THE SOUTHWESTERLY PROLONGATION OF A COURSE IN THE CENTER LINE OF THE 30 FOOT EASEMENT FOR ROAD AND UTILITIES DESCRIBED AS PARCEL 11 IN DEED FROM BISSELL TO HOPPER, RECORDED IN BOOK 24125 PAGE 167, OF OFFICIAL RECORDS IN SAID OFFICE, SAID COURSE BEING DESCRIBED IN SAID DEED AS HAVING A BEARING OF NORTH 44° 25' 37" EAST AND HAVING A LENGTH OF 32.46 FEET; THENCE ALONG SAID CURVE NORTHEASTERLY 257.57 FEET TO SAID SOUTHWESTERLY PROLONGATION; THENCE ALONG SAID PROLONGATION AND SAID COURSE OF SAID CENTER LINE AND ALONG THE NORTHEASTERLY PROLONGATION OF SAID COURSE OF SAID CENTER LINE NORTH 44° 25' 37" EAST TO THE EASTERLY LINE OF SAID LOT 5, THE TERMINAL COURSES AT THE SOUTHWESTERLY AND NORTHEASTERLY ENDS OF THE SIDE LINES OF SAID STRIP BEING PROLONGED OR SHORTENED TO TERMINATE IN SAID NORTHEASTERLY LINE OF WILD ROSE AVENUE AND IN SAID EASTERLY LINE OF LOT 5, RESPECTIVELY.

PARCEL 5:

AN EASEMENT FOR INGRESS AND EGRESS OVER THAT PORTION OF PARCEL 1 OF PARCEL MAP NO. 16039, IN THE CITY OF BRADBURY, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 192 PAGES 9 AND 10 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY SHOWN AS "15" WIDE RECIPROCAL EASEMENT FOR INGRESS AND EGRESS FOR THE BENEFIT OF PARCELS 1 AND 2, TO BE RESERVED IN DOCUMENTS".

APN: 8527-004-029

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFF(S)<br>OAK RIVER ASSET MANAGEMENT LLC | DEFENDANT(S)<br>TLH REO MANAGEMENT LLC, a California limited liability company; and HAN DING HOLDING, LTD., an unknown business entity |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>DAVID B. GOLUBCHIK (State Bar No. 185520)<br>JOHN-PATRICK M. FRITZ (State Bar No. 245240)<br>JEFFREY S. KWONG (State Bar No. 288239)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244<br>Email: DBG@LNBYB.com; JPF@LNBYB.COM; JSK@LNBYB.COM | **ATTORNEYS** (If Known)<br><br>Jose Padilla, Jr.<br>Cox, Castle & Nicholson LLP<br>2029 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067 |
| **PARTY** (Check One Box Only)<br>☒ Debtor              ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor          ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor              ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor          ☒ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT FOR SALE OF INTERESTS  OF CO-OWNERS IN PROPERTY OF THE ESTATE |
|---|

| NATURE OF SUIT |
|---|
| (Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) |

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | ☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (Unjust Enrichment and Imposition of Constructive Trust) |
| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
| ☐  Check if a jury trial is demanded in complaint | |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>OAK RIVER ASSET MANAGEMENT LLC | BANKRUPTCY CASE NO.<br>Case No. 2:16-bk-19233-TD | |
| DISTRICT IN WHICH CASE IS PENDING<br>**CENTRAL** | DIVISIONAL OFFICE<br>**LOS ANGELES DIVISION** | NAME OF JUDGE<br>**THE HON. THOMAS B. DONOVAN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Jeffrey S. Kwong | | |
| DATE<br>July 27, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Kwong | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

EXHIBIT "2"

David S. Henshaw SBN 271226
HENSHAW LAW OFFICE
1871 The Alameda
Suite 333
San Jose, CA 95126
(408) 533-1075
(408) 583-4016 Fax

Attorney for Plaintiffs
AHA 2012 LLC, FRANK LEE as Co-Trustee
of THE LEE LIVING TRUST DATED
06/23/1987, CHRISTOPHER D. LEE, and YCJS
2012 LLC

# UNITED STATE BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

|  |  |
|---|---|
| In re | ) Case No. 2:16-bk-13575-TD |
|  | ) |
| LIBERTY ASSET MANAGEMENT | ) Chapter 11 |
| CORPORATION, a California corporation, | ) |
|  | ) Adv. Proc. No. 2:16-ap-01278-TD |
| Debtor. | ) |
| _____ | ) **PLAINTIFF'S RESPONSE TO** |
| AHA 2012 LLC, et al. | ) **DEFENDANT'S NOTICE OF** |
|  | ) **REMOVAL OF CIVIL** |
| Plaintiffs, | ) **ACTION UNDER 28 U.S.C. § 1452(a)** |
| v. | ) |
|  | ) |
| BENNY KO, et al. | ) |
|  | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiffs AHA 2012 LLC, FRANK LEE as Co-Trustee of THE LEE LIVING TRUST

DATED 06/23/1987, CHRISTOPHER D. LEE, and YCJS 2012 LLC ("Plaintiffs") jointly

respond to Debtor/Defendant LIBERTY ASSET MANAGEMENT CORPORATION's Notice

of Removal of Civil Action under 28 U.S.C. § 1452(a) according to Federal Rule of Bankruptcy
Procedure 9027(e)(3).

1.      Plaintiffs hereby admit the allegations of Paragraph 1 and 2 of Defendant
LIBERTY ASSET MANAGEMENT CORPORATION's Notice of Removal, filed on June 17,
2016.

2.      Plaintiffs hereby further admit the allegations of Paragraph 3 of Defendant
LIBERTY ASSET MANAGEMENT CORPORATION's Notice of Removal, filed on June 17,
2016, that the Case No. EC064695 is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B)
and (O) and agrees that having the litigation before this Court will provide the most efficient
means of establishing the Plaintiffs' claims against the Debtor and resolving the parties' dispute.

3.      Plaintiffs hereby further admit the allegations of Paragraph 4 and 5 of Defendant
LIBERTY ASSET MANAGEMENT CORPORATION's Notice of Removal, filed on June 17,
2016.

4.      Plaintiffs consent to the entry of final orders or judgment in the removed civil
action by the Bankruptcy Court.

Dated: July 5, 2016

HENSHAW LAW OFFICE

David S. Henshaw, Attorney for
Plaintiffs AHA 2012 LLC, FRANK
LEE as Co-Trustee of THE LEE
LIVING TRUST DATED
06/23/1987, CHRISTOPHER D.
LEE, YCJS 2012 LLC, and
RICHBEST HOLDING LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**1871 The Alameda, Suite 333
San Jose, CA 95113**

A true and correct copy of the foregoing document entitled (*specify*): Plaintiff's Response to Defendant's Notice of Removal of Civil Action under 28 U.S.C. § 1452(a)                                                                     will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____07/05/2016_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/05/2016 | Kate Ibarra | /s/ Kate Ibarra |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT ATTACHMENT

Vanessa Lavendera
c/o Jesse F. Ruiz
Robinson & Wood
227 North 1st Street
San Jose, CA 95113

Benny Ko
c/o Guy E. Jamison
Jamison Law Firm, PC
301 E. Colorado Boulevard, Suite 501
Pasadena, CA  91101

Shelby Ho
c/o Guy E. Jamison
Jamison Law Firm, PC
301 E. Colorado Boulevard, Suite 501
Pasadena, CA 91101

Lucy Gao
c/o Robert Lisnow
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024

Oak River Asset Management LLC
c/o Robert Lisnow
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024

Bradbury Furlong LLC
c/o Robert Lisnow
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024

Pacific Sunshine Investments LLC
c/o Robert Lisnow
10866 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024

Liberty Asset Management Corporation
c/o Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067

Ta-Lin Hsu
c/o Chassman & Seelig LLP
11766 Wilshire Boulevard, Suite 270
Los Angeles, CA 90025

Handing Holding
c/o Chassman & Seelig LLP
11766 Wilshire Boulevard, Suite 270
Los Angeles, CA 90025

TLH Reo Management LLC
c/o Chassman & Seelig LLP
11766 Wilshire Boulevard, Suite 270
Los Angeles, CA 90025

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND (REMOVED PROCEEDING) AND NOTICE OF STATUS CONFERENCE; DECLARATION OF BENJAMIN KIRK IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 3, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- David S Henshaw    david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- David W. Meadows    david@davidwmeadowslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **August 3, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Liberty Capital Management, Inc.
c/o John J. Lewis
1811 East Garry Ave
Santa Ana, CA 92705

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 3, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY PERSONAL DELIVERY**
Hon. Thomas B. Donovan
United States Bankruptcy Court
Edward R. Roybal Federal Building
255 E. Temple Street, Ctrm 1345
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

Service by NEF/Email

| | |
|---|---|
| AHA 2012 LLC **SERVICE BY NEF**<br>Frank Lee, Co-Trustee of The Living Trust Dated 6/23/1987<br>Christopher D Lee / YCJS 2012 LLC / Richbest Holding LLC<br>c/o David S. Henshaw<br>Henshaw Law Office<br>1871 The Alameda, Suite 333<br>San Jose, CA 95126 | Benny Ko, Shelby Ho<br>c/o Guy E. Jamison<br>Jamison Law Firm, PC<br>301 E. Colorado Blvd, Ste 501<br>Pasadena, CA  91101<br>Email: guyjamison@jamisonlaw.com |
| Lucy Gao; Pacific Sunshine Investments LLC; Oak River Asset Mgmt LLC; Bradbury Furlong LLC<br>c/o Robert A. Lisnow<br>Robert A. Lisnow, A Prof. Corporation<br>10866 Wilshire Boulevard, Suite 400<br>Los Angeles, CA 90024<br>Email: robert@lisnowlaw.com | Ta-Lin Hsu; TLH REO Mgmt LLC; Handing Holding<br>c/o Mark B. Chassman<br>Chassman & Seelig, LLP<br>11766 Wilshire Blvd., Suite 270<br>Los Angeles, CA 90025<br>mchassman@chassmanseelig.com |
| Vanessa Lavendera<br>c/o Jesse F. Ruiz<br>Robinson & Wood, Inc.<br>227 North First Street<br>San Jose, CA  95113<br>Email: JFR@robinsonwood.com | Official Committee of Unsecured Creditors<br>c/o Jeremy Richards and Gail Greenwood<br>Pachulski Stang Ziehl & Jones LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003<br>E-mail: jrichards@pszjlaw.com;<br>ggreenwood@pszjlaw.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| August 3, 2016 | Lourdes Cruz | /s/ Lourdes Cruz |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**